Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1860 | **DATE** | 7/18/2001 |
| **CASE TITLE** | Warren Brugger vs. Elmhurst KIA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to dismiss (8-1) is granted in part and denied in part. Count 6 is dismissed for failure to state a claim; defendant's motion is otherwise denied. Defendant is ordered to answer the remaining claims on or before 8/1/01. Status hearing set to 8/15/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 24 2001 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR | courtroom deputy's initials | 01 JUL 23 PM 4:59 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WARREN BRUGGER, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01 C 1860 |
| | ) |
| ELMHURST KIA, | ) |
| Defendant. | ) |

**DOCKETED**

**JUL 2 4 2001**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Elmhurst Kia ("Elmhurst") has moved to dismiss plaintiff Warren Brugger's complaint. Brugger says that he agreed to buy a car from Elmhurst and signed a retail installment contract ("RIC") on April 10, 2000. After he objected to the interest rate, he received a call from Elmhurst's finance manager, who asked him to return to the dealership, where he was given a second RIC with a lower rate but which included charges for a service contract and "gap" insurance. When Brugger asked about these, the finance manager replied that the charges had to be there in order for him to get financing. Thus although the rate was lower than the one on the first RIC, the total amount financed ended up being only $500 less on the second deal as a result of the extra charges.

Brugger alleges that the finance manager represented that 11.75%, the interest rate on the second RIC, was the lowest interest rate that he qualified for, but that while purporting to act in his interest in obtaining financing, she was actually acting on behalf of the lender, and that she did not really look for the lowest rate available. Brugger also alleges that Elmhurst got an

undisclosed fee from the lender, built into the finance charge, for initiating the loan – referred to as an "APR spread."

Brugger also says that the finance manager promised that Elmhurst would pay the remaining loan balance on his trade-in car, but that it refused to do so, and as a result his loan on that car was reported as being in default. As a result, the next time Brugger bought a car, he had to pay a higher finance rate.

Brugger has brought claims under the Truth in Lending Act (Counts 1, 2 & 4), the Illinois Consumer Fraud Act (Counts 3 & 5), the Credit Services Organization Act (Count 8), and for common law fraud (Count 7) and "slander of credit" (Count 6). Elmhurst has moved to dismiss for failure to state a claim.

1.  **Counts 1-3**

Counts 1-3 (plaintiff's TILA class claims for damages and an injunction, and his ICFA class claim) are sufficient to state a claim. The violation alleged in these Counts is that defendant did not give Brugger the required disclosures before he signed the deal in a form he could take with him. The only Circuit to address the point has concluded that TILA requires a lender to do exactly this, *see Polk v. Crown Auto, Inc.*, 221 F.3d 691, 692 (4th Cir. 2000), and this Court agrees: the statute says that "the disclosures required ... shall be made *before the credit is extended*"). *Accord, Holley v. Gurnee Volkswagen & Oldsmobile, Inc.*, No. 00 C 5316, 2001 WL 243191, at *3 (N.D. Ill. Jan. 4, 2001) (Zagel, J.). These allegations also suffice to state an ICFA claim. *See Long v. Wix Auto*, No. 00-5842, slip op. at 1 (N.D. Ill. Jan. 4, 2001) (Zagel, J.).

Elmhurst argues that Brugger is not entitled to statutory damages for this type of TILA claim and that he has not adequately alleged actual damages. Assuming for purposes of

2

discussion that Elmhurst is right about the statutory damages point, an issue we need not decide at this juncture, Brugger has adequately alleged actual damages – that he could have taken the disclosures and obtained better financing terms from some other source. Elmhurst's claim that this theory is far-fetched does not permit the Court to rule it out as a matter of law on a motion to dismiss.

**B.    Count 4**

In Count 4, another TILA claim, Brugger alleges (in addition to his Count 1 allegations) that Elmhurst's failure to include the service contract and gap insurance charges in the finance charge violated the statute in that they were a condition of financing. Elmhurst says that both the service contract and the gap insurance contract stated that they were not a condition of financing. Brugger alleges, however, that he was told exactly the opposite by the finance manager. Elmhurst has cited no authority which holds that a disclaimer in a separate contract overrides, as a matter of law, a contrary oral representation in this context. We cannot resolve the factual conflict on a motion to dismiss, so Brugger's TILA claim survives at least for the time being.

**C.    Counts 5 & 7**

Counts 5 and 7, which rely on the alleged misrepresentations about getting the lowest rate and the APR spread, state claims for violations of ICFA and common law fraud. Elmhurst argues that it was not Brugger's agent, but *Balderos v. City Chevrolet*, 214 F.3d 849, 853 (7th Cir. 2000), recognizes that there may be cases in which an auto dealer in fact acts as the customer's agent in this context and says that the issue is one of fact. In view of the complaint's allegations, which are sufficient to allege an agency relationship, we cannot dismiss Counts 5 and 7 on this basis.

Elmhurst also notes that the Illinois Motor Vehicle Retail Installment Sales Act provides that an auto dealer has no duty to disclose that it will get a fee from the lender. 815 ILCS 375/5. But Brugger has alleged what amounts to a misrepresentation: he says that Elmhurst's finance manager said she would get him the lowest rate available, but instead got him a rate which (among other things) had a fee for Elmhurst built into it and thus could not have been the lowest available rate. We see nothing in the MVRISA to indicate that it precludes a claim based on a theory of affirmative misrepresentation as opposed to non-disclosure.

**D.    Count 6**

The Court agrees with Elmhurst Kia that Count 6, the "slander of credit" claim, is deficient because there is no allegation that the dealership published a false statement to a third party, an essential element of any action based on a claim of defamation. *See Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center*, 137 Ill. App. 3d 294, 484 N.E.2d 841, 845 (1985). The claim that defendant might have anticipated that someone else might make a false statement is insufficient.

**E.    Count 7**

Finally, the Court declines to dismiss plaintiff's Credit Services Organizations Act claim (Count 7). Defendant argues that the CSOA does not apply to auto dealers that obtain financing for customers. Illinois law is in conflict on the point. The Court agrees with Judge Hibbler's decision in *Harris v. Castle Motor Sales, Inc.*, No. 00 C 5455, 2001 WL 477241, at *5 (N.D. Ill. May 7, 2001), that because Illinois the Illinois Supreme Court last year granted leave to appeal in a case in which it presumably soon will decide the issue, the most prudent course is to deny the motion to dismiss, leaving for a later day determination of whether the Act applies here.

## Conclusion

For the reasons stated above, defendant's motion to dismiss [Docket Item 8-1] is granted in part and denied in part. Count 6 is dismissed for failure to state a claim; defendant's motion is otherwise denied. Defendant is ordered to answer the remaining claims on or before August 1, 2001.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 18, 2001